**Sona Rapick ATOYAN, aka Sona Atoian, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72510.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Nov. 4, 2003.

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Shelley R. Goad, Esq., David Dauenheimer, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: B. FLETCHER and TASHIMA, Circuit Judges, and POLLAK, Senior District Judge.**

MEMORANDUM ***

Sona Rapick Atoyan, a native and citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen deportation proceedings on the ground that the motion was untimely. We have jurisdiction pursuant to the former 8 U.S.C. § 1105a, as amended by the transitional rules, § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009, *as amended by* Act of Oct. 11, 1996, Pub.L. 104–302, 110 Stat. 3656 (1996), and we deny the petition.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). Under this standard, the BIA's ruling on a motion to reopen will not be disturbed "[u]nless the BIA acted 'arbitrarily, irrationally, or con-

---

* The panel unanimously finds this case to be suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

582

trary to law.'" *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). The BIA's determination of legal issues are reviewed de novo. *Socop–Gonzalez*, 272 F.3d at 1187. Under the substantial evidence standard, BIA's factual findings are conclusive unless a reasonable factfinder would be compelled to reach the opposite conclusion. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Atoyan contends that the BIA abused its discretion by failing to equitably toll the 90–day limitations period for motions to reopen under former 8 C.F.R. § 3.2(c)(2) (now codified at 8 C.F.R. § 1003.2(c)(2)), because ineffective assistance of counsel prevented her from timely filing the motion. With regard to equitable tolling, the relevant questions are when Atoyan was able to "obtain vital information bearing on the existence of [her] claim", *Socop–Gonzalez*, 272 F.3d at 1193, and "whether [Atoyan] filed within the limitations period after tolling is taken into account." *Id.* at 1196. The BIA concluded that even if one assumes *arguendo* that equitable tolling should apply to the period from June 27, 1997, the date on which the BIA dismissed her appeal, to November 1999, when Atoyan finally learned of the BIA's decision, her motion to reopen still was untimely because she did not file it until approximately one year later, in November 2000.

We conclude that the BIA did not abuse its discretion in denying Atoyan's motion to reopen. Substantial evidence supports the BIA's finding that Atoyan became aware of the existence of her claim during November 1999, and she did not file the motion to reopen until approximately a year later, well after the 90–day limitations period had expired.

**PETITION FOR REVIEW DENIED.**